**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dignity Health, | No. CV-21-01963-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| York Risk Services Group Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendant York Risk Services Group, Inc.'s ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6). (Doc. 5). The issue is fully briefed, (Doc. 5, 11, 12), and the Court now rules.

**I.     BACKGROUND**

On September 28, 2021, Plaintiff Dignity Health ("Plaintiff") filed the instant Complaint in the Superior Court of Arizona, Maricopa County. Plaintiff alleges that Defendant did not fully pay Plaintiff for services rendered to patients—all of whom had suffered workplace injuries. (Doc. 1 at 2–3). Counts I and II for relief in Plaintiff's Complaint alleges tort claims for quantum meruit and unjust enrichment for the recovery of those unpaid bills. (Doc. 1 at 2–3). Defendant then timely removed this case to federal court. (Doc. 1).

Defendant now moves to dismiss the complaint, arguing that Plaintiff's claims are time-barred by a twenty-four-month statute of limitations under A.R.S. § 23-1062.01(C). (Doc. 5 at 2). Plaintiff argues that its claims are not subject to a twenty-four-month statute

of limitations, but rather, have a three-year statute of limitations under common law causes of action. (Doc. 11 at 2).

## II.     LEGAL STANDARD

Dismissal of a complaint, or any claim within it, for failure to state a claim under Rule 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When the statute of limitations forms the basis of a motion to dismiss for failure to state a claim, the motion can be granted if the running of the statute is apparent on the face of the complaint, and "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), a "court may consider material that the plaintiff properly submitted as part of the complaint

or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* The court may also consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. S. Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986) (abrogated on other grounds by *Astoria Fed.l Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

## III.   DISCUSSION

In its Motion to Dismiss, Defendant argues that Plaintiff's claims must be dismissed because they are barred by the statute of limitations. (Doc. 5 at 2). Defendant contends that Plaintiff's claims are governed by Arizona's workers' compensation statute of limitations, A.R.S. § 23-1062.01(C), which requires "any court action" to commence within twenty-four months from the date on which medical service was rendered. (Doc. 5 at 5–6). Because Plaintiff filed more than twenty-four months after medical services were rendered, Defendant argues that Plaintiff's claims are time-barred.

In response, Plaintiff argues that its claims are not subject to the twenty-four-month statute of limitations of A.R.S. § 23-1062.01(C) because they are "governed by different chapters, and different statutes of limitation." (Doc. 11 at 2). Specifically, Plaintiff asserts that its claims for unjust enrichment and quantum meruit are subject to a three-year statute of limitations. (Doc. 11 at 2–3); *see* A.R.S. § 12-543(1).

> Arizona's workers' compensation statute provides in part:
> An insurance carrier, self-insured employer or claims processing representative is not responsible for payment of any billings for medical, surgical or hospital benefits provided under this chapter unless the billings are received by the insurance carrier, self-insured employer or claims processing representative and *any court action for the payment of the billings is commenced within twenty-four months from the date on which the medical service was rendered* or from the date on which the health care provider knew or should have known that service was rendered on an industrial claim, whichever occurs later. A subsequent billing or corrective billing does not restart the limitations period.

A.R.S. § 23-1062.01(C) (emphasis added).

1    The Court's inquiry begins "with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (internal quotations omitted) (noting that the "preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there.").

Plaintiff first argues that the "under this chapter" language of A.R.S. § 23-1062.01(C) was the legislature "explicitly declin[ing] to apply this limitation on recovery to causes of action arising under other chapters." (Doc. 11 at 2). And because unjust enrichment and quantum meruit arise "from a completely separate legal statutory framework," they have a different statute of limitations.

The text of the statute reads, "[a]n insurance carrier . . . is not responsible for payment of any billings for medical, surgical or hospital benefits provided under this chapter unless the billings are received by the insurance carrier, self-insured employer or claims processing representative and any court action for the payment of the billings is commenced within twenty-four months from the date on which the medical service was rendered . . . ."

The "under this chapter" language refers to Arizona's workers' compensation framework. Yet the text does not support Plaintiff's argument that the "under this chapter" language permits alternative theories of recovery outside of the chapter. "[U]nder this chapter" is part of a rule that insurance carriers are generally not responsible for workers' compensation payments: "An insurance carrier . . . is not responsible for payment of any billings for medical, surgical or hospital benefits provided under this chapter." The rest of the sentence then provides an exception to the rule evidence by "unless." An insurance carrier *is* responsible for workers' compensation payments: The "billings are received" and "any court action" is "commenced within twenty-four months." Thus, the "under this chapter" merely describes that insurance carriers are not generally responsible for workers' compensation payments and does not explicitly permit alternative theories of recovery.

Defendant argues that "any court action" includes Plaintiff's common law claims.

1   (Doc. 12 at 4). Defendant insists that "any court action" means "any court action." (Doc.
2   12 at 4). The Court agrees.

3         The phrase "any" is not defined in the statute and has not been interpreted by the
4   Arizona courts. Under Arizona law, the Court must give the word its plain any ordinary
5   meaning and may refer to dictionary definitions to determine that meaning. *Desert*
6   *Mountain*, 236 P.3d at 427.

7         The ordinary meaning of "any" is "one, some, or all indiscriminately of whatever
8   quantity[.]" Any, Merriam-Webster's Dictionary, https://www.merriam-
9   webster.com/dictionary/any (last visited April 5, 2022); *see Pizzuto v. Idaho Dep't of Corr.*,
10  No. 48857, 2022 Ida. LEXIS 30 (Mar. 15, 2022). Other courts have interpreted "any" to
11  mean "every" or "all." *See, e.g.*, Jackson v. Belcher, 232 W. Va. 513 (2013); Gimple v.
12  Student Transp. of Am., 300 Neb. 708 (2018). While another court has noted that the
13  meaning of "any" is flexible and "must be interpreted in light of its context." *Donaker v.*
14  *Parcels of Land (In re Foreclosure of Liens for Delinquent Land Taxes by Action in Rem)*,
15  140 Ohio St. 3d 346 (2014).

16        In the context of the statute, "any court action for the payment of the billings" is
17  read to mean "all" or "every" court action that is for the payment of billings under
18  Arizona's workers' compensation statute. Though Plaintiff's claims are common law
19  claims, its claims are firmly rooted in Arizona's workers' compensation statutes. Plaintiff
20  is a healthcare provider and Defendant is an insurer. (Doc. 1-3 at 6, Doc. 5 at 2). Plaintiff
21  is seeking to be reimbursed for medical services it provided to injured workers. (Doc 1-3
22  at 6–7, Doc. 11 at 3). Plaintiff concedes as such, saying Defendant was obligated to pay for
23  medical services" under A.R.S. § 23-1062.01. (Doc. 11 at 3). Additionally, Plaintiff relies
24  on A.R.S. § 23-1062.01(A) to claim interest; additional evidence that its claims are subject
25  to the statute of limitations in rooted in A.R.S. § 23-1062.01. (Doc. 1-3 at 9). The Court
26  finds that Plaintiff's claims arise from Arizona's workers' compensation statutes and fall
27  under the "any court action" language of A.R.S. § 23-1062.01(A). Thus, Plaintiff's claims
28  are subject to the twenty-four-month statute of limitations.

1     Plaintiff argues, however, that subjecting its common law claims to the twenty-four-month statute of limitations would run afoul of Article 18, section 6 of the Arizona Constitution. (Doc. 11 at 3). This argument is unavailing.

Article 18, section 6 of the Arizona Constitution—known as the anti-abrogation provision—provides that "[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation . . . ." Ariz. Const. art 18, § 6. Plaintiff argues that applying A.R.S. § 23-1062.01(A)'s statute of limitations would run afoul of the Arizona Constitution because it would be "limiting Plaintiff's time for recovery." (Doc. 11 at 3). Plaintiff relies on *Hazine v. Montgomery Elevator Co.*, 176 Ariz. 340 (1993), in which the Arizona Supreme Court considered a product liabilities statute that required claims to be brought within twelve years after the product was first sold. *Id.* at 341. The Arizona Supreme Court found the statute unconstitutional because it abrogated a common law right of action to recover for injuries even before the injury occurred. *Id. Id. at 354.*

Here, A.R.S. § 23-1062.01 does not abrogate the right to bring a common law claim of unjust enrichment or quantum meruit. Rather, it regulates when claims under the Arizona's workers' compensation laws must be brought. This does not run afoul of the anti-abrogation provision of the Arizona constitution.

The Anti-Abrogation provision is an "'open court' guarantee intended to constitutionalize the right to obtain access to the courts. . . ." *See Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 9, 13 (1986). And the difference between "abrogation and regulation" is "whether a purported legislative regulation leaves those claiming injury a reasonable possibility of obtaining legal redress." *Id.* at 18; *Barrio v. San Manuel Div. Hosp. for Magma Copper Co.*, 143 Ariz. 101, 106 (1984) ("[T]he abrogation clause is implicated when the right of action is 'completely abolished.'"). Whereas the statute in *Hazine* prevented claims from being brought even before the injury occurred, A.R.S. § 23-1062.01 merely requires those injured in Arizona workers' compensation claims to bring their claims earlier than if they occurred in another context. Because A.R.S. § 23-1062.01

does not abrogate common law claims but simply regulates them, the law does not violate article 18, § 6 of the Arizona Constitution. *Id.* (internal citation omitted) ("The legislature may regulate [a cause of action] so long as it leaves a claimant reasonable alternatives or choices which will enable him or her to bring the action.").

The Court finds that Plaintiff's claims fall under the twenty-four-month statute of limitations under A.R.S. § 23-1062.01(C). As Plaintiff filed its claims more than twenty-four months after it rendered medical service, its claims are time-barred.

## IV.  LEAVE TO AMEND

Finally, Plaintiff asks that it be given leave to file an amended complaint. (Doc. 11 at 6). Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted).

Because Plaintiff filed its claims outside Arizona's statute of limitations, any leave to amend these claims would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Therefore, the claims will be dismissed without leave to amend.

## V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 5). is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment of dismissal in favor of Defendant and against Plaintiff.

Dated this 18th day of April, 2022.

James A. Teilborg
Senior United States District Judge